IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HASAN RASHEED ABDULLAH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:10cv815-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Before the court is a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, filed on September 23, 2010, by federal inmate Hasan Rasheed Abdullah ("Abdullah").[1] Abdullah challenges his 98-month sentence imposed by this court on August 6, 2009, after he pled guilty to conspiracy to possess with intent to distribute cocaine hydrochloride, cocaine base, and marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1).  Abdullah did not take a direct appeal.

In his § 2255 motion, Abdullah contends that his trial counsel rendered ineffective assistance of counsel at sentencing by failing to object to the U.S. Probation Office's use of

---

[1] Abdullah apparently signed his § 2255 motion on September 23, 2010.  Applying the "mailbox rule," and no evidence to the contrary, this court deems his motion as filed on that date. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

a prior misdemeanor conviction in New Jersey, for simple assault, in the calculation of his criminal history points. Doc. No. 1 at 4. Abdullah argues that this conviction should not have been used in the calculation of his criminal history points because he was not represented by counsel in those proceedings. *Id*. He maintains that use of the conviction for simple assault in the calculation of his criminal history points resulted in a one-level increase in his Criminal History Category under the sentencing guidelines, which in turn resulted in the district court's imposition of a greater sentence than would otherwise have been imposed.[2] *Id*.

The government asserts that Abdullah's § 2255 motion was filed after the expiration of the one-year limitation period applicable to such motions and is therefore time-barred. Doc. No. 4. Abdullah argues that the limitation period in his case was subject to equitable tolling and that his § 2255 motion is consequently timely. Doc. No. 1 at 12; Doc. No. 2.

## II. DISCUSSION

---

[2] In the presentence investigation report ("PSI"), the probation officer counted Abdullah's prior New Jersey misdemeanor conviction for simple assault as 1 criminal history point in his criminal history score. *See* PSI at 11, ¶ 34. The probation officer counted Abdullah's prior conviction in Alabama for first-degree assault as 3 criminal history points. *Id*., ¶ 34. Abdullah's resulting criminal history points total of 4 established a Criminal History Category of III, according to the Sentencing Table, U.S.S.G. Chapter 5, Part A. The district court accepted this finding in the PSI. Abdullah's total offense level, as found by the district court, was 27 (*see* PSI at 20), which, when combined with his Criminal History Category of III, yielded an advisory guidelines range of 87 to 108 months. The court imposed a sentence of 98 months, approximately in the middle of the applicable advisory guidelines range. Abdullah argues that if his simple assault conviction had not been used in calculating his criminal history points, his total criminal history points total would have been 3 (and not 4), lowering his Criminal History Category to II and reducing his advisory guidelines range to 78 to 97 months.

A.     **Limitation Period**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for § 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, § 2255(f) provides that the one-year limitation period shall run from the latest of –

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

   **1.     *28 U.S.C. § 2255(f)(1)***

Abdullah was convicted pursuant to a guilty plea entered on April 27, 2009. He was sentenced on August 6, 2009. *See* Criminal Case No. 1:08cr236-MHT, Doc. Nos. 246 and 320. Judgment was entered by the district court on August 17, 2009. *Id.*, Doc. No. 330. Abdullah did not file a direct appeal. Therefore, his conviction became final (and the one-year limitation period began to run) on August 27, 2009, upon expiration of the time for him

3

to file a direct appeal (i.e., 10 days after entry of judgment by the district court).[3] Thus, for the purpose of § 2255(f)(1), Abdullah had until August 27, 2010, to file a timely § 2255 motion. However, his § 2255 motion was not filed until September 23, 2010, twenty-seven days after expiration of the one-year limitation period. Consequently, his motion is untimely pursuant to § 2255(f)(1).

  2. *Statutory Exceptions: § 2255(f)(2)-(4)*

Abdullah does not find safe harbor in the statutory tolling provisions of § 2255(f)(2)-(4). Although, as discussed below, Abdullah asserts that he was in transit and deprived of access to his legal materials when the limitation period expired, the facts he alleges in this regard fail to establish any governmental action in violation of the Constitution or laws of the United States. Therefore, he has not shown that the limitation period in his case should be extended under § 2255(f)(2). Because Abdullah's claim for relief does not rest on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," the tolling provision in § 2255(f)(3) does not apply to his case. Abdullah also does not submit any grounds for relief that could not have been put forth earlier under the exercise of due diligence; all the facts underlying his claim were

---

[3] When the district court's judgment was entered in Abdullah's case, Fed.R.App.P. 4(b)(1) provided that a defendant's notice of appeal in a criminal case must be filed within 10 days after entry of the district court's judgment. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final 10 days after the district court's judgment is entered); *see also Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within **14** days after entry of the district court's judgment.

4

known – or could have been known – at sentencing. Therefore, § 2255(f)(4) does not operate to extend the limitation period in Abdullah's case.

### 3.     *Equitable Tolling*

Abdullah contends that he is entitled to equitable tolling of the limitation period because he was in transit between correctional facilities, and was totally deprived of access to his legal materials, when the limitation period expired. Doc. No. 1 at 12; Doc. No. 2. Specifically, he maintains that he finished drafting a § 2255 motion that was ready for filing on July 18, 2010, but that on the following day, July 19, 2010, in preparation for his transfer to another institution, prison officials at FCI Talladega took up and "packed out" his personal property, including his completed § 2255 motion and all other legal materials concerning his case. Doc. No. 2 at 2. Abdullah states that he was subsequently transferred to USP Atlanta, on July 26, 2010, and that he was then transferred to FDC Oklahoma, on August 4, 2010, and remained there until August 25, 2010, when he was transferred to FMC Lexington, where he resided when he filed the instant § 2255 motion.[4] *Id*. Thus, Abdullah seeks equitable tolling from July 19, 2010 (the date on which he lost access to his § 2255 motion and related legal materials), through September 23, 2010, when he actually filed his § 2255 motion.

Equitable tolling applies to the statute of limitations set forth in 28 U.S.C. § 2255(f). *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See also Holland v. Florida*,

---

[4] Abdullah states that on August 26, 2010, prison officials returned some of his personal property to him, but that most of his legal materials, including the completed § 2255 motion taken from him on July 19, 2010, have not been returned to him. Doc. No. 2 at 2.

560 U.S. __, 130 S.Ct. 2549 (2010) (holding similar statute of limitations in 28 U.S.C. § 2244(d) is subject to equitable tolling).  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Holland*, 130 S.Ct. at 2562.  *See also Sandvik*, 177 F.3d at 1271.  The diligence required is reasonable diligence, not "maximum feasible diligence," *see Holland*, 130 S.Ct. at 2565, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing.  *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).

In the Eleventh Circuit, routine transfers resulting in separation from legal papers, and lockdowns or confinement for a portion of the statutory period are generally not considered "extraordinary circumstances" for purposes of invoking equitable tolling.  *See Akins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000) (holding that lockdown would not equitably toll the running of the one-year period because prisoner had adequate time to file a timely motion to vacate when he was not in lockdown situation); *see also Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004) (finding that equitable tolling was not appropriate where petitioner was transferred to a different facility and detained there for over ten months without access to his legal papers; "*Akins* suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances'") (citing *Akins*, 204 F.3d at 1089–90); *Paulcin v. McDonough*, 259 Fed.App'x 211, 213 (11th Cir. Dec. 13, 2007) (unpublished) (denial of equitable tolling not abuse of discretion; lack

6

of access to law library and legal papers for as much as ten months of one-year limitations period were not shown to be extraordinary and petitioner failed to allege how lack of access thwarted his efforts to file a timely petition). The Second Circuit, however, has held that the intentional and wrongful confiscation of a prisoner's habeas corpus petition and related legal papers by a corrections officer shortly before the filing deadline may justify equitable tolling of AEDPA's limitation period and permit the filing of a petition after the limitation period ordinarily would have run. *See Valverde v. Stinson*, 224 F.3d 129, 133-34 (2nd Cir. 2000).

Here, Abdullah does not allege that prison officials confiscated his § 2255 motion and legal papers for the purpose of obstructing the timely filing of his § 2255 motion. Rather, he asserts that his motion and legal papers were taken up and "packed out" by prison officials at FCI Talladega in preparation for his transfer to another federal prison, which in fact took place approximately a week later. Thus, he fails to set forth "extraordinary circumstances" that satisfy the standards justifying equitable tolling recognized by the Eleventh Circuit or the standards recognized by the Second Circuit in *Valverde*, *supra*.

Moreover, even if prison officials' taking of his documents on July 19, 2010, could be considered "extraordinary circumstances," Abdullah fails to demonstrate that he acted with "reasonable diligence" throughout the period he seeks to toll. Specifically, Abdullah does not set forth facts to establish that he diligently sought to obtain these documents after they were taken and "packed out" in preparation for his transfer to another institution or that he made any effort to file a timely § 2255 motion without them. He does not assert that he

7

alerted prison officials that his § 2255 motion was among the documents taken or that at any time from July 19, 2010, through August 26, 2010, he ever requested the return of his documents. It appears that Abdullah did not request the return of his documents until after his transfer to FMC Lexington, over a month after prison officials allegedly took them. A review of the materials submitted to this court by Abdullah indicates that he first submitted a request to prison officials for the return of his documents on August 27, 2010 (*see* Doc. No. 2-1 at 3), which was the last day for filing a timely § 2255 motion, leaving prison officials little time to process his request before expiration of the filing deadline.[5] Further, the sole claim for relief presented by Abdullah in his § 2255 motion filed on September 23, 2010, is that his prior misdemeanor conviction for simple assault should not have been used in the calculation of his criminal history points because he was not represented by counsel in those proceedings. Abdullah fails to suggest why, during the period of over five weeks – from July 19, 2010, to August 27, 2010 – after his documents were taken by prison officials at FCI Talladega, he could not have drafted and filed a § 2255 motion asserting the same simple and straightforward claim he presents in his motion filed on September 23, 2010.

Accordingly, because Abdullah has not demonstrated that he diligently sought to obtain the relevant documents during the period he seeks to toll or that he reasonably attempted to file a timely § 2255 motion without these documents, equitable tolling of the

---

[5] The fact that Abdullah's request for the return of his documents came on the final day for filing a timely § 2255 motion appears to have been merely fortuitous; Abdullah indicates that he believed the filing deadline expired no later than August 16, 2010. *See* Doc No. 2 at 2.

limitation period in this case is not warranted. *See Dodd*, 365 F.3d at 1283 ("Dodd has not shown with any degree of particularity what efforts he made that would even arguably constitute an appropriate degree of diligence for someone in his situation. Nor [ ] has he demonstrated why, if he had acted with the diligence plainly required to trigger the doctrine of equitable tolling, he could not have filed within the one-year period."); *Bennett v. McNeill*, No. 3:10cv118/LC/MD, 2010 WL 5169084 (N.D. Fla. Nov. 8, 2010) (petitioner did not establish due diligence where he made a single attempt to obtain transcripts before the expiration of the federal limitations period).

Because Abdullah has failed to establish grounds for equitable tolling, his § 2255 motion is time-barred pursuant to § 2255(f)(1).

**B.     Abdullah's Claim for Relief Is Not Meritorious.**

Even if Abdullah were entitled to equitable tolling of the limitation period, so that his § 2255 motion would be considered timely, he nevertheless is not entitled to collateral relief, because his claim is without merit. Abdullah contends that his trial counsel was ineffective for failing to object to the use of his prior misdemeanor conviction in New Jersey for simple assault in the calculation of his criminal history points under the sentencing guidelines because that conviction was uncounseled. Doc. No. 1 at 4. However, the record reflects that Abdullah's midsemeanor conviction for simple assault did not result in a sentence of imprisonment and that the punishment imposed in that case was a $455 fine. *See* PSI at 11, ¶ 34. It is settled law that a prior uncounseled misdemeanor conviction may be relied upon

9

to enhance the sentence for a subsequent offense as long as the prior conviction did not result in a sentence of imprisonment. *Nichols v. United States*, 511 U.S. 738, 746-47 (1994) (holding that petitioner's prior uncounseled DUI conviction was properly included in his criminal history score – adding one point – under the U.S. Sentencing Guidelines because the prior uncounseled DUI conviction did not result in a sentence of imprisonment); *see* U.S.S.G. § 4A1.2 cmt. background ("Prior Sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was not imposed."). *See also, e.g., United States v. Acuna-Reina*, 677 F.3d 1282 (11th Cir. 2012); *United States v. Arellano*, 144 Fed.App'x 42, 43 n.1 (11th Cir. Aug. 2, 2005) (unpublished).

Because there would have been no merit in an objection that Abdullah's uncounseled misdemeanor conviction for simple assault could not be used in the calculation of his criminal history points, Abdullah's trial counsel was not ineffective for failing to raise such an objection. Counsel cannot be ineffective for failing to argue a meritless issue. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Thus, the claim presented by Abdullah in his § 2255 motion does not merit collateral relief.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied and that this case be dismissed with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before August 3, 2012**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 20th day of July, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE